ADAM B. SHERMAN, ESQ.
THE EMPIRE STATE BUILDING
350 FIFTH AVENUE, SUITE 7710
NEW YORK, NEW YORK 10118
917-526-1213

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/13/19

June 11, 2019

**VIA ECF**

Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 14A
New York, NY 10007

*A pre-motion conference will be held on Tuesday, June 26, 2019, at 4:30PM. SO ORDERED.*

*John G. Koeltl, USDJ*
*6/11/19.*

Re: *Abel Solis, et al. v. ZEP LLC, et al.* Case No. 1:19-cv-4230-JGK
 Request for a Pre-Motion Conference

Dear Judge Koeltl:

I am newly retained counsel for all Defendants in the above-referenced matter. Pursuant to Rule 2(B) of Your Honor's Individual Rules, I respectfully request a pre-motion conference for Defendants' motion pursuant to FRCP 12(b)(1) and 9 U.S.C. § 4 of the Federal Arbitration Act for an Order compelling arbitration and staying the action based on the following:

**Plaintiffs Are Subject to a Binding Agreement to
Arbitrate All Claims Arising From Their Employment**

Plaintiffs Abel Mateo Solis, Eliseo Chavez San Juan and Jose Ortiz Garcia (collectively, "Plaintiffs") were employees of Defendant ZEP LLC d/b/a Zucchero e Pomodori, a Manhattan Italian restaurant. During their employment, they executed arbitration agreements explicitly stating that, "any claim, complaint or dispute that arises out of. . . the [p]arties' employment relationship. . . shall be submitted to binding arbitration. . . by the American Arbitration Association." In addition, the arbitration agreement explicitly lists claims asserted under the Federal Labor Standards Act and New York Labor Law as claims covered by the agreement and that "[t]he Arbitrator, and not any federal, state, or local court agency, shall have the exclusive authority to resolve any dispute relating to the enforceability or formation of this Agreement. . ."

Plaintiffs' employment with Defendant ZEP LLC ended between April and May 2019. (Complaint ¶¶ 21, 23, 25) Shortly thereafter, rather than pursue arbitration as Plaintiffs agreed to, they filed this lawsuit (improperly styled as a collective and class action[1]) asserting claims alleging violations of the Fair Labor Standards Act and New York Labor Law. Every claim

---

[1] Pursuant to the arbitration agreements, Plaintiffs also agreed to not assert a class action or a "representative action." The Supreme Court has recently upheld such a clause. *See Epic Sys. Corp. v. Lewis,* 138 S. Ct. 1612 (2018) (upholding the enforceability of arbitration agreements that require employees to waive collective action under the FLSA).

1

asserted by Plaintiffs is covered within the scope the arbitration agreement. There is no dispute that Plaintiffs agreed to be bound to its provisions.

### The Law Requires that Plaintiffs Proceed to Arbitration

The FAA was enacted to "replace judicial indisposition to arbitration with a national policy favoring it . . ." *Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008). The Second Circuit recognizes the preference for enforcing arbitration agreements even where, as here, some of the claims at issue are federal statutory claims. *Parisi v. Goldman Sachs & Co.*, 710 F.3d 483, 486 (2d Cir. 2013). Thus, "[t]he role of federal courts, in ruling on a petition to compel arbitration under the FAA, is 'limited to determining two issues: (i) whether a valid agreement or obligation to arbitrate exists, and (ii) whether one party to the agreement has failed, neglected, or refused to arbitrate.'" *Issacs v. OCE Bus. Servs., Inc.*, 968 F. Supp. 2d 564, 566-67 (S.D.N.Y. 2013) (Koeltl, J.) (quoting *Shaw Grp. Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 120 (2d Cir. 2003)).

If the Court determines "that an arbitration agreement is valid and the claim before it is arbitrable, it must stay or dismiss further judicial proceedings and order the parties to arbitrate." *Patterson v. Raymours Furniture Co.*, 96 F. Supp. 3d 71, 75 (S.D.N.Y. 2015), *aff'd*, 659 F. App'x 40 (2d Cir. 2016), as corrected (Sept. 7, 2016), as corrected (Sept. 14, 2016) (quoting *Nunez v. Citibank, N.A.*, No. 08-cv-5398 (BSJ), 2009 WL 256107, at *2 (S.D.N.Y. Feb. 3, 2009)). Further, "[t]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Khanna v. American Express, Co.*, No. 11-cv-6245(JSR), 2011 WL 6382603, at *2 (S.D.NY. Dec. 14, 2011) (quoting *Green Tree fin. Corp. v. Randolph*, 531 U.S. 79, 91 (2000)). "Under New York law, a person who 'signs or accepts a written contract is conclusively presumed to know its contents and to assent to them.'" *Issacs v. OCE Bus. Servs., Inc.*, 968 F. Supp. 2d at 569 (Koeltl, J.) (quoting *Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 149 (2d Cir. 2004)).

Furthermore, where, as here, the Federal Arbitration Act governs the dispute, the arbitrator should decide all questions of arbitrability. *Lauman v. N.H.L.*, 989 F. Supp. 2d 329, 334 (S.D.N.Y. 2013). Accordingly, this lawsuit must be stayed and the Plaintiffs must be compelled to arbitrate their claims.

I thank the Court for its consideration.

Respectfully submitted,

/s/ Adam Sherman
Adam Sherman

cc:   All counsel of record (via ECF)

2